May it please the Court, Christy Shuto representing the petitioner Efren Rios-Ortega. I'd like to focus today on the meaning of the term sentence actually imposed in the former petty offense exception under Section 212.89 of the former Act. This term is determinative of whether Mr. Rios is removable as inadmissible at the time of his adjustment of status. But the problem here is that the term that was imposed on him was 365 days, was it not? And he actually served about 10 months in custody. He did actually serve about 10 months in custody. I think you're going to have to help me with this because I think the case turns on it. If we look at the sentence imposed and it was 365 days, even though the definition of a petty offense would later change, I guess I don't understand how it helps your client. I think that the key fact here is that the State Superior Court suspended imposition of the sentence. That's on the record. But don't we look at it as of the time that he was sentenced? That's correct. Because he has to show that he was eligible for relief at that time. But, Your Honor, if you look at matter of Castro, which was the BIA decision which was in place at the time of the adjustment of status, that case interprets the situation where the State Court suspends imposition of the sentence and places a defendant on probation. And that case holds it in that situation. Suspending or deferring prosecution is a different question from a Section 17B re-characterization of the offense, isn't it, from a misdemeanor or from a felony for a misdemeanor? Well, I think both come into play in this case. But they're legally distinct forms of relief, aren't they? Well, yes. First, the trial court suspended imposition of the sentence, placing him on probation. Later, it categorized the … But that wasn't what happened to Mr. Rios Ortega. That's the problem I'm having. He actually served time. But the time is irrelevant under matter of Castro. The key fact, I think, is … He didn't serve time in Castro, did he? Well, he was in jail. I mean, he didn't serve more than six months in jail, did he? In Castro, that's correct. He was there for a short time before he was released. But the BIA in Castro goes on to discuss the situation we have here where imposition of the sentence is suspended. In Castro, I think what happened is the defendant was sentenced and execution of the sentence was suspended. And the court, the BIA, excuse me, Board of Immigration Appeals, distinguished the two situations. And it specifically stated that where imposition of the sentence is suspended, the case will fall under the former … What happened here, though, is you changed the designation to misdemeanor, but never did anything about the sentence. Never changed the sentence. The sentence remains what it was, and he served 10 months in jail. But what's important is that imposition of the sentence was suspended. And under … No, no. Spell it out. What do you mean by that? Well, if … I mean, this is a holding in matter of Castro, and … No, in this case. What happened in this case? He … Well, if … The imposition of the sentence was 365 days, and he served 10 months. No, the imposition was suspended. He was placed on probation. The 365 days were a condition of probation. No, but we have to go back to the … at the time and look at the sentence that was imposed. And if it exceeds six months, you can't change the historical fact that he was sentenced to more than six months. And, in fact, he actually served 10. So the fact that he goes into the San Diego County Superior Court and gets a 17B declaration that his prior offense is a misdemeanor does not change the fact that he was sentenced to more than six months. And I don't see how Castro helps you on that. Your Honor, Castro, I think, is directly applicable to this case. It addresses where imposition of the sentence is suspended and states that, in those circumstances, a defendant will qualify under the former petty offense exception and the actual time spent in jail. But it's got to be six months or less. That's the problem. You know, whatever the State of California does, the State of California does. But the regulation is very clear that the triggering fact here is the sentence that was imposed. I think that was the law in place at the time of the adjustment of status. But if you look at matter of Castro and there is at least one other board case which upholds, which confirms the holding in matter of Castro, those cases stand for the proposition that where imposition of the sentence is suspended, as it was in this case, an alien has not had a sentence imposed on him in excess of six months and may qualify for the former petty offense exception. Okay. I hear your argument. Do you want to reserve some time for rebuttal? I would like to reserve time.  Did you hear from the government? May it please the Court to let Winston again for Attorney General Eric Holder. There are two issues in this case. One, whether the recharacterization of his conviction from felony to misdemeanor is relevant and whether it triggers the application of the petty offense exception. And two, whether Mr. Rios is entitled to a 212C waiver of inadmissibility simply because he received the status of legal permanent resident in error in 1990. With regard to the first issue, the first statute you look at is 237, and that's the statute that says in this 237A1A that an alien who at the time of adjustment of status was within one or more of the classes of aliens inadmissible by the law existing at such time, meaning 1990, is deportable. The next step, you look at 245A that says that the alien should not have been convicted of any felony in the U.S. The next step is provided under D2. The third step, you look at D2, and it talks about Section 212A, paragraphs 9 and 10. That's the petty offense exception. And the petty offense exception that was in existence at the time in 1990, or 1989, at the time of his conviction, was an alien who would be excludable because of the conviction of an offense for which the sentence actually imposed did not exceed a term of imprisonment in excess of six months. As Your Honor mentioned, the sentence here was 365 days. He served 10 months. You can't unring a bell here. Once the sentence is imposed, it had not been changed, that's what you look at. You look at the law existing at the time and the sentence actually imposed. What if the governor pardoned him? Would that make a difference? If the government pardoned him, I guess we would have to look at the facts of that pardon and see what the pardon was all about. But in this case, his conviction was in 1989, and 16 years later, in 2005, his offense was recharacterized from a felony to a misdemeanor. I understand that. I'm asking you only because, you know, I come from New York, and I read in the newspaper yesterday that the governor was thinking about pardoning, using his powers of pardon to deal with these immigration issues when people have a prior criminal history. I just wonder, not that it's relevant in this case necessarily, what your thoughts would be about that. I can get some free information from you here. You have to look at the law existing at the time. So that pardon would be inconsequential, right? Unless the law was the same. If the pardon happened the next day, for example, if he was convicted on January 1st and on January 2nd before even serving any time, the sentence was changed, and the court said, oh, we made a mistake, it's really a misdemeanor. I guess the Second Circuit is going to have to grapple with that issue possibly sometime in the future. Possibly. I'm sure we will as well. Yes, possibly. Let me ask you, you said we have to look at the terms of a pardon. I'm looking at the terms of the San Diego County Superior Court order, and all I see is that the court declares that the violation under Penal Code Section 273A.1 to be a misdemeanor pursuant to Penal Code Section 17B.3. It doesn't say anything about the sentence that was imposed. It doesn't change the, it doesn't defer or vacate the imposition of the sentence. It just recharacterizes the crime from a felony to a misdemeanor, which under California law can be any sentence up to a year in the county jail. Am I reading that correctly? For a misdemeanor, I do think the California law says it has to be six months. I think it's any county jail time, but forget about that. It doesn't matter because the county does the same. I think it's Section 16 or 19 that says that. Okay, but it doesn't say anything about any impact of recharacterizing the sentence that was imposed. No, the sentence, the word sentence doesn't even appear in that two-page order. The question of whether or not this was a fairly serious, it didn't stab the child. It was a very serious case. He took his child into the bathroom. He took a knife. He stabbed his child. He lacerated the child's liver. He exposed the child's intestines. And then he used the knife on himself. And he was in a drug state. He was in a highly intoxicated state. And this was a very egregious crime. And he was sentenced, because it was a first offense, to 365 days in jail. This happened ten years after he first entered the United States. He entered in 1979. He was convicted in 1989 of this crime. In 1990, the government, in error, adjusted his status, probably not realizing that he had been convicted. And it wasn't until 2005, 15 years after that, that he was again apprehended, and this time relating to a gang suppression action. Do you want to speak to the second issue? Yes, Your Honor. The second issue is Mr. Rios argues that he's entitled to a 212C or 212H waiver of inadmissibility because he has the status of a legal permanent resident. This argument is incorrect. If you look at 245A, the alien has to establish, the burden is on the alien to establish that he's admissible to the United States as an immigrant. Because of his conviction here, the 1989 conviction, he was not admissible to the United States as an immigrant. If you look at Section 101A20, to be lawfully admitted for permanent residence requires that, means the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws. He received this privilege, not this right, but this privilege in error. You can't waive inadmissibility if you are not admissible in the first place. Here, Mr. Rios could not have complied with the substantive legal requirements. There's a case, Mone, M-O-N-E-T, and he couldn't have complied because his adjustment of status could not have occurred as a result of his 1989. Mone is directly on point, is it not? I'm sorry? Mone is directly on point, is it not? Yes, Mone is directly on point, and then recently on April 23rd, this Court issued the Hing Sum decision, which I submitted a 28-J letter on that. There's also a board decision directly on point, Kolo Amantangi. And it says that if the person was not otherwise entitled to it, he doesn't get it, even if he collected his green card, that doesn't mean anything. It's a form over substance type argument, and form should not take precedence over substance. He also says, well, he didn't conceal the conviction, well, he didn't raise his argument to the boards, we didn't exhaust. Even if he had exhausted, concealment or not, even if he had exhausted, he didn't bring forth his conviction. There's no evidence in the record that he informed the government that he was convicted of this felony. So even if he didn't actively conceal, he certainly didn't come forward, and it was his burden. So I would ask the Court to deny the petition for review in this case. Thank you very much, counsel. No further questions. Mr. Chouteau, you have some reserve time. Thank you, Your Honor. I'm going to go back to the matter of Castro, which I believe is dispositive of this case. That was the law in 1988. I'm going to read from the matter of Castro, and the Board discusses. It states, it is the Board's position that when imposition of the sentence is suspended, no sentence has been actually imposed. When a criminal court... Where in the letter, excuse me, where in the San Diego County Superior Court order do I find the language that the sentence was suspended? On page 280 of the record, under the section probation, top of that is the first box is checked. It says, imposition of sentence is suspended. There's a checkmark by that. It's about a third of the way down the page. And if you look at the 17B3 order, that's an order that can only be issued under those circumstances. You say that was ER 280, is that correct? Yes, Your Honor, page 280. What was the sentence in Castro specifically? The specific sentence in Castro was where execution of the sentence was suspended. But... What was the sentence that was handed down? The sentence was... ...sentence of imprisonment for a period of two years, execution of which was suspended. He never served any prison time. That's correct. But my point is that it's whether the person actually served time under the old law. Under the new law it is. Under the old law, matter of Castro, and the former petty offense exception, that's key. And so at the time of... I'm still having a hard time understanding why it relates back. Because we look at the law at the state of the town in 1990, and clearly the sentence imposed was longer than six months. Well, Your Honor, it wasn't because imposition of sentence was suspended. Well, not at the time. This was... You keep saying that. Now, are you referring to the box that was checked on page 280? Is that... I am. ...the basis of your continuing reference to suspending sentences? That is. That is. And it's also, I think, that where the Court uses 17b-3, it may only do so under those circumstances where originally imposition of the sentence is suspended and a defendant is placed on probation. But Castro, wasn't the imposition of the sentence suspended at the time of the sentence, not subsequently? Castro is a slightly different set of facts. It was... The defendant in Castro was sentenced, execution, and he was sentenced to two years in prison. Execution of the sentence was suspended. The Board addressed that situation in Castro also and said in that situation, there is a sentence that has actually been imposed and the alien cannot qualify for the former petty offense exception. It went on to distinguish the situation where imposition of the sentence is suspended. And the Board has, at least in one other case, reaffirmed the holding in matter of Castro. That's matter of Esposito. It's 21 INN DEC 1. That's a 1995 decision. It was after... So, sir, you're correct. Are we bound by Castro? Yes, I think you are because you have to look at the law in place at the time of the adjustment of status. Castro was the law in place at the time of the adjustment of status. Whoever adjudicated that application could have looked at the application and said, well, petty offense exception applies. He's admissible and granted a lawful adjustment of status. Anything further, Counsel? No, Your Honor. Thank you very much. The case just argued will be submitted for decision, and we will hear argument in the last case of this morning's docket, which is United States v. Mayweather.
judges: Block, O'scannlain, Tallman